OPINION
On July 8, 1999, the Muskingum County Grand Jury indicted appellant, Twan McCrae, on one count of aggravated murder with a firearm specification in violation of R.C. 2903.01 and R.C. 2941.145 and two counts of having a weapon under disability in violation of R.C. 2923.13. Said charges arose from the shooting death of one Mandy Mayle on June 28, 1999. A jury trial commenced on February 16, 2000. While appellant admitted to the shooting, he claimed the firearm went off accidentally. During trial, appellee, the State of Ohio, introduced into evidence a firearm which was not the actual firearm used on the evening in question. Appellee introduced the firearm for demonstrative purposes as the actual firearm was never found. The jury found appellant not guilty of aggravated murder but guilty of the lesser included offense of murder. The jury also found appellant guilty of the weapon charges. By entry filed April 3, 2000, the trial court sentenced appellant to an indefinite term of fifteen years to life plus a mandatory three year term for the firearm specification, to be served consecutively. As for the weapon charges, the trial court merged the two and sentenced appellant to five years in prison, to be served consecutively to the other sentences. Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I THE TRIAL COURT ERRED IN ADMITTING A HANDGUN INTO EVIDENCE SOLELY FOR THE PURPOSE OF DEMONSTRATIVE EVIDENCE THAT MISLEAD THE JURY AS TO THE CONDITION AND FUNCTION OF THE ACTUAL WEAPON. THE ADMISSION OF THE DEMONSTRATIVE EVIDENCE VIOLATED RULE OF EVIDENCE 403(A) AND DEPRIVED MR. McCRAE OF HIS RIGHT TO DUE PROCESS AS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION.
 I
Appellant claims the trial court erred in admitting a firearm into evidence that was not the actual firearm used on the evening in question. The admission or exclusion of evidence lies in the trial court's sound discretion. State v. Sage (1987), 31 Ohio St.3d 173. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217. Appellant claims the introduction of the firearm for demonstrative purposes violated Evid.R. 403(A) which states "[a]lthough relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury." At trial, appellant claimed the firearm went off accidentally. Because the actual firearm was never found, appellee introduced into evidence another firearm for demonstrative purposes (State's Exhibit 2). While the demonstrative firearm was the same caliber as the actual firearm, it did not have the same shape and design. Appellant argues since the flawed operation of the actual firearm was the basis for appellant's defense, "it was prejudicial to allow the jury to take a different gun, that may not even have been the same model, back to the jury room." Appellant's Brief at 5-6. We disagree based upon the Supreme Court of Ohio's decision in State v. Palmer (1997), 80 Ohio St.3d 543. In Palmer, the trial court admitted a demonstrative weapon into evidence and gave the jury a limiting instruction. The Palmer court reviewed this issue and held the following at 566: The trial court admitted the revolver only as a demonstrative exhibit and with a specific limiting instruction. Although a danger of unfair prejudice might have existed because the effort or energy needed to pull back the hammer and to pull the trigger on the state's exhibit may not have been the same level as on the actual murder weapon, that danger was entirely eliminated by the trial court's instruction to the jury. We presume that the jury followed the trial court's limiting instruction regarding the demonstrative evidence.
The trial court sub judice gave the following limiting instruction, almost identical to the limiting instruction in Palmer: Ladies and gentlemen of the jury, the State has rested its case, which means they've concluded their portion of the case. And before the Defense begins their case, I need to talk to you about Exhibit No. 2.
It has been admitted into evidence, but it has been admitted for only a limited purpose. And it is being admitted for that limited purpose only. I want to explain that to you. It's being admitted because it was testified by the Defendant — by the State's witnesses that that is similar to the gun that was used in this case. It is not the gun used. It is being admitted simply because it is similar. It is being admitted because it is similar in method of firing, the manner in which it operates, and in size, and shape and color, and it is to be used for that limited purpose only.
You're not to consider the effort or the energy used to pull back the hammer, or the energy used to pull back the trigger, because it is — it may or may not be similar in force as to the actual gun that was used in this case. It is only for a demonstration of the gun and what you had to do to fire the gun. As you were made aware at the time it was testified to, this is not the weapon that was used in this case. It's not to be considered as it was the weapon that was used in this case, but only for the demonstrative purposes that were explained to you when it was testified to by the witnesses who identified the weapon.
T. at 452-453. Based upon the foregoing, we find the submission of the demonstrative firearm to the jury was not error.
The judgment of the Court of Common Pleas of Muskingum County, Ohio is hereby affirmed.
By Reader, V.J. Hoffman P.J. and Farmer, J. concur.